**IN THE COURT OF APPEALS OF IOWA**

No. 16-0703
Filed July 27, 2016

**IN THE INTEREST OF B.G.R.,**
**Minor Child,**

**J.C., Father,**
     Appellant.

_____

Appeal from the Iowa District Court for Muscatine County, Gary P. Strausser, District Associate Judge.

A father appeals from the order terminating his parental rights. **AFFIRMED.**

Mark J. Neary of Neary Law Office, Muscatine, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Timothy K. Wink of Schweitzer & Wink Law Firm, Columbus Junction, attorney and guardian ad litem for minor child.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

A father appeals from a juvenile court's order terminating his parental rights to his daughter, born in March 2015.[1] The father argues the State failed to prove the statutory grounds for termination under Iowa Code section 232.116(1)(h) by clear and convincing evidence. He further contends the juvenile court should have granted him an additional six months to work toward reunification. We affirm.

We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)). "We will uphold an order terminating parental rights when there is clear and convincing evidence" of the statutory grounds for termination. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Our primary consideration is the best interests of the child. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

The child was removed from the mother's care at birth after testing positive for methamphetamine, marijuana, and tramadol. The child was adjudicated a child in need of assistance based in part on the father's significant alcohol abuse and anger management issues, as well as his demonstrated history of allowing individuals under the influence of drugs to care for his older child.

---

[1] The mother consented to termination, and the juvenile court terminated her parental rights pursuant to Iowa Code section 232.116(1)(a), (b), (e), (h), and (*l*) (2015). The mother does not appeal.

Following adjudication, the father made limited progress. He participated in anger-management therapy and substance-abuse treatment and received two fully unsupervised visits with his daughter. On both occasions, the father allowed and even encouraged unapproved individuals to have contact with his child, despite having been admonished by the juvenile court after the first instance. Following these visits, the father relapsed and tested positive for methamphetamine but repeatedly denied any recent use of the drug. He also showed up for a supervised visit with the child while apparently under the influence of methamphetamine. Additionally, the father and the child's mother were both arrested for violating a no-contact order after the mother was found at the father's home. The record clearly demonstrates the father continues to struggle with substance abuse and anger-management issues. The child has never lived with her father, having lived with foster parents since birth. She is thriving in their care and deserves permanency.

We have carefully reviewed the record, the briefs of the parties, and the juvenile court's lengthy, fact-intensive, and thorough ruling. Upon our de novo review, we agree with the juvenile court's conclusion that the State proved the grounds for termination under Iowa Code section 232.116(1)(h) by clear and convincing evidence. We further find the court did not err in denying the father an additional six-month period to work toward reunification with the child. Accordingly, we affirm without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (b), (d), and (e).

**AFFIRMED.**